## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK Q. PITTS, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-CV-0644 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| WARDEN S. SPAULDING, ET AL., | : | |
| Respondents | : | |

### MEMORANDUM

On April 4, 2015, Petitioner, Derrek Q. Pitts, an individual currently
incarcerated at Federal Correctional Institution, Allenwood, Pennsylvania ("FCI-
Allenwood"), initiated the above-captioned action by filing a pro se petition for
writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  Along with his petition,
he filed a motion to proceed in forma pauperis, which was granted on May 6,
2015.  (Docs. 2, 4).  Petitioner argues in his petition that he is entitled to a
reduction of his current federal sentence as a result of the time he served from
August 15, 2007, to October 29, 2008, which was credited to a sentence imposed
upon him by the State of New Jersey.  (Doc. 1).  On May 28, 2015, Respondents
filed their response.  (Doc. 6).  On June 16, 2015, Petitioner filed his traverse.
(Doc. 7).  Accordingly, Petitioner's petition is ripe for disposition.  For the reasons
set forth below, the petition will be denied.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On June 10, 2005, Petitioner was sentenced by the Superior Court of Hunterdon County, New Jersey to a minimum of four (4) years and six (6) months to a maximum of ten (10) years in prison. (Doc. 6, pp. 15-16). On July 10, 2007, Petitioner and sixteen (16) other defendants were indicted in the United States District Court for the Northern District of Georgia on drug trafficking and money laundering charges. See United States v. Pitts, 1:07-CR-0233-14 (N.D. Ga. filed 2007). On August 15, 2007, while in the primary custody of New Jersey authorities for his state sentence, Petitioner was temporarily "borrowed" by the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum to appear in the United States District Court for the Northern District of Georgia to face the aforementioned charges. (Doc. 6, pp. 11, 20). On June 9, 2008, Petitioner pled guilty pursuant to a written plea agreement to one (1) count of drug conspiracy for his role in a conspiracy to possess at least five (5) kilograms of cocaine with intent to distribute. (Id. at pp. 11-12, 20, 23-26); see Pitts, 1:07-CR-0233-14.

On October 29, 2008, Petitioner was sentenced by the United States District Court for the Northern District of Georgia to a two hundred (200) month term of imprisonment and five (5) years supervised release. (Doc. 6, pp. 11-12, 23-26);

2

see Pitts, 1:07-CR-0233-14.  The sentencing court, in its written judgment, recommended that Petitioner's sentence run concurrently with his New Jersey sentence.[1]  (Doc. 6, pp. 11-12, 23-26); see Pitts, 1:07-CR-0233-14.

On January 14, 2009, Petitioner was returned to New Jersey authorities to continue service of his state sentence.  (Doc. 6, pp. 12, 15).  On January 17, 2012, Petitioner was released from his New Jersey sentence and taken into exclusive federal custody by the United States Marshal Service for service of his federal sentence.  (Id. at pp. 12, 28).

Upon entering into exclusive custody of the United States Marshal Service, the United States Bureau of Prisons ("BOP") conducted an initial computation of Petitioner's federal sentence.  (Id. at p. 12).  The BOP determined that Petitioner's federal sentence commenced on October 29, 2008, the date he was sentenced by the United States District Court for the Northern District of Georgia.  (Id.).  Even though Petitioner was serving his New Jersey sentence on the date of his federal sentencing, the BOP was able to commence his federal sentence on October 29, 2008, because the sentencing court recommended that Petitioner's federal sentence run concurrent with his New Jersey sentence.  (Id.).  The BOP did not award any

---

[1]  Notably, the sentencing court stated during its oral pronouncement of sentence that Petitioner "should get credit for time in custody beginning August 15, 2007."  (Doc. 6, p. 65).

prior custody credit for the time he spend on a writ of habeas corpus <u>ad</u> <u>prosequendum</u> because that time was credited to his New Jersey sentence. (Doc. 6, p. 12); <u>see</u> (<u>Id.</u> at pp. 16, 20, 30-31, 37-38). Petitioner's initial projected release date was May 18, 2023, via good conduct time release. (<u>Id.</u> at p. 12).

During the BOP's audit of Petitioner's federal sentence conducted in regards to the instant action, the BOP discovered that Petitioner qualifies for one hundred and twenty-eight (128) days of credit pursuant to BOP Program Statement 5880.28 of the Sentence Computation Manual. (<u>Id.</u> at pp. 13, 38). Thus, Petitioner has been awarded prior custody credit for the period from February 2, 2005, to June 9, 2005, which represents the period from Petitioner's arrest by New Jersey authorities to the date his New Jersey sentence was imposed. (<u>Id.</u>). Therefore, the BOP projects January 10, 2023, as Petitioner's release date for his federal sentence, via good conduct time release. (<u>Id.</u>).

On October 1, 2012, August, 26, 2013, and November 12, 2013, Petitioner filed similar <u>pro se</u> motions for a <u>nunc pro tunc</u> order in the United States District Court for the Northern District of Georgia. <u>Pitts</u>, 1:07-CR-233-14, Docs. 694, 708, 710. Petitioner's motions sought credit toward his federal sentence for time served between August 15, 2007, and October 29, 2008. <u>Id.</u> He argued that he should receive full credit for that period because the sentencing court

4

recommended that his time run concurrently. Pitts, 1:07-CR-233-14, Docs. 694, 708, 710. The district court dismissed Petitioner's first two (2) motions without prejudice for failure to exhaust administrative remedies. Id. at Docs. 703, 709. As to Petitioner's third motion, even though it appeared Petitioner exhausted the administrative remedies, the district court determined that the "proper procedural avenue would be a motion pursuant to 28 U.S.C. § 2241 brought in the district in which [he] is presently incarcerated, rather than the motion now before this Court." Id. at Doc. 720. The district court noted that the Petitioner is incarcerated at FCI-Allenwood, which is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Id. As a result, the district court found it had no jurisdiction over Petitioner's motion and thus, dismissed it without prejudice for lack of jurisdiction. Id.

## II. DISCUSSION

### A. Jurisdiction

On April 4, 2015, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's calculation of his federal sentence. (Doc. 1). He seeks a credit to be applied to his federal sentence to account for the time he spent while on a writ of habeas corpus ad prosequendum from August 15, 2007, to October 29, 2008. (Id.). As a result, the Court has

jurisdiction pursuant to 28 U.S.C. § 1331.  Section 2241 "confers jurisdiction on

district courts to issue writs of habeas corpus in response to a petition from a state

or federal prisoner who 'is in custody in violation of the Constitution or laws or

treaties of the United States.'"  Coady v. Vaughn, 251 F. 3d 480, 484 (3d Cir.

2001).  "Section 2241, unlike other federal habeas statutes, 'confers habeas

jurisdiction to hear the petition of a federal prisoner who is challenging not the

validity but the execution of his sentence.'"  Rodriguez-Leon v. Rectenwald, 2014

U.S. Dist. LEXIS 91425, at *3 (M.D. Pa. 2014) (Munley, J.) (quoting Coady, 251

F.3d at 485).  "Although the Third Circuit Court of Appeals has yet to clearly

define the meaning of 'execution' in this context, it has cited approvingly holdings

from other circuits finding that a Section 2241 motion properly challenges 'such

matters as the administration of parole, computation of a prisoner's sentence by

prison officials, prison disciplinary actions, prison transfers, type of detention and

prison conditions.'"  Id. at *3-4 (quoting Woodall v. Fed. Bureau of Prisons, 432

F.3d 235, 242 (3d Cir. 2005)).  Failure by the BOP to implement the sentence

imposed by a sentencing court mandates habeas corpus relief under section 2241.

See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533

F.2d 871, 874-75 (3d Cir. 1976) (holding that where a prisoner seeking federal

habeas corpus relief challenges effect of events "subsequent" to his sentence,

habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. §

2255).

Accordingly, the Court has subject matter jurisdiction under section 2241

because Petitioner raises a challenge the execution of the sentence based on the

BOP's alleged error in not giving him credit against his federal sentence for the

time he spent on a writ of habeas corpus ad prosequendum from August 15, 2007,

to October 29, 2008.  See Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007)

(challenge to BOP's failure to give credit for time served prior to federal

sentencing is cognizable under section 2241); Barden v. Keohane, 921 F.2d 476,

478-79 (3d Cir. 1991).

### B.   Computation of Federal Sentence

"The Attorney General is responsible for calculating a federal prisoner's

period of incarceration for the sentence imposed, and to provide credit for time

served, for offenses committed after November 1, 1987."  Turnquest v. Sauers,

2015 U.S. Dist. LEXIS 55244, at *6 (M.D. Pa. Apr. 28, 2015) (Caputo, J.) (citing

18 U.S.C. § 3585; 28 C.F.R. § 0.96; United States v. Wilson, 503 U.S. 329, 331-32

(1992); Mehta v. Wigen, 597 F. App'x 676 (3d Cir. Jan. 29, 2015)).  "[T]he

Attorney General has delegated this authority to the Director of the [BOP], 28

C.F.R. § 0.96 (1992))."  Crudup v. Williamson, 2007 U.S. Dist. LEXIS 46944, at

*5 (M.D. Pa. 2007) (Conner, J.).

"Calculating a term of imprisonment is comprised of two steps." <u>Williams</u>

<u>v. Zickefoose</u>, 504 F. App'x 105, 107 (3d Cir. 2012).  First, "a sentence to a term

of imprisonment commences on the date the defendant is received in custody

awaiting transportation to . . .  the official detention facility at which the sentence

is to be served."  18 U.S.C. § 3585(a).  Second, a defendant receives credit for

time spent in custody 'prior to the date sentence commences . . . that has not been

credited against another sentence.'"  <u>Williams</u>, 504 F. App'x at 107 (quoting 18

U.S.C. § 3585(b)).

### C.  <u>Commencement of Federal Sentence</u>

"The BOP generally determines the date upon which a federal sentence

commences."  <u>Preston v. Ebert</u>, 2014 U.S. Dist. LEXIS 119082, at *20 (M.D. Pa.

2014) (Mariani, J.) (citing <u>Goodman v. Grondolosky</u>, 427 F. App'x 81, 82 (3d Cir.

2011)).  Pursuant to 18 U.S.C. § 3585(a)

> [a] sentence to a term of imprisonment commences on the date
> the defendant is received in custody awaiting transportation to,
> or arrives voluntarily to commence service of sentence at, the
> official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

"In determining the commencement date of a federal sentence under 18

U.S.C. § 3585(a), the court must first address whether the defendant was in primary federal or primary non-federal custody at the time the federal sentence was imposed." Turnquest, 2015 U.S. Dist. LEXIS 55244, at *7.  Generally, the sovereign which first arrests an individual acquires primary jurisdiction for purposes of trial, sentencing, and incarceration.  See Wright v. Krueger, 2015 U.S. Dist. LEXIS 119101, at *15 (M.D. Pa. Sept. 8, 2015) (Mannion, J.) ("Primary jurisdiction remains vested in the jurisdiction that first arrested defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.").  When a defendant was in primary non-federal custody at the time the federal sentence was imposed, the BOP must determine "whether the federal sentencing court expressly indicated its intent as to whether the federal sentence should run concurrently to or consecutively with the non-federal sentence.[footnote omitted]" Turnquest, 2015 U.S. Dist. LEXIS 55244, at *7 (citing 18 U.S.C. § 3584(a)).  "If directed by the sentencing court to run concurrent to an existing state sentence, the concurrent federal sentence commences on the date of its imposition, not on the date of the commencement of the prior sentence or some earlier date." Id. at *7-8 (citing Taylor v. Holt, 309 F. App'x 591, 593 (3d Cir. 2009)).  "Thus, the earliest possible date a federal sentence may commence is the date it was imposed." Id. at *8

9

(citing <u>Rashid v. Quintana</u>, 372 F. App'x 260, 262 (3d Cir. 2010)).

Importantly, "[a] federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum, <u>Ruggiano v. Reish</u>, 307 F.3d 121, 126 (3d Cir. 2002), because the state remains the primary custodian in those circumstances.[footnote omitted]" <u>McGhee v. Strada</u>, 2013 U.S. Dist. LEXIS 115613, at *5-6 (M.D. Pa. 2013) (Caldwell, J.).

Here, Petitioner was "borrowed" by the United States Marshall Service from New Jersey authorities on a writ of <u>ad prosequendum</u> between August 15, 2007, to October 29, 2008.  (Doc. 6, pp. 11, 14-21).  Furthermore, there is no evidence in the record that New Jersey authorities relinquished its primary jurisdiction over Petitioner during this period of time.  Also during this time, Petitioner was serving a New Jersey sentence, which had not yet expired.  (<u>Id.</u>).  Consequently, Petitioner remained under the primary jurisdiction of New Jersey until he was released by state authorities on January 17, 2012.  (<u>Id.</u> at pp. 11-12, 14-21).

Thus, based on the foregoing, the BOP determined that Petitioner's federal sentence began to run on October 29, 2008, the date his federal sentence was imposed, even though he was serving time on a New Jersey sentence because the federal sentencing court recommended that his federal sentence run concurrently

10

with his New Jersey term.  (Doc. 6, pp. 11-12, 14-21).  Accordingly, pursuant to 18 U.S.C. § 3585(a), the BOP correctly determined that Petitioner's federal sentence commenced on October 29, 2008, the date it was imposed.  See 18 U.S.C. § 3584(a) (authorizing a federal sentencing court to impose a sentence that runs concurrent to a state sentence).

**D.      Credit for Time Spent on Writ of Habeas Corpus Ad Prosequendum**

As discussed above, the "second inquiry to be made in computing [a defendant's] federal sentence is to determine the amount of jail credit, if any, he is entitled to receive for time spent in custody prior to the commencement of his federal sentence."  Turnquest, 2015 U.S. Dist. LEXIS 55244, at *9.  This determination is made by the BOP, "not the sentencing judge."  Id. (citing Mehta, 597 F. App'x 676).

"Credit for time spent in custody prior to the commencement of a federal sentence is controlled by 18 U.S.C. § 3585(b)."  Id.  Pursuant to section 3585(b), a defendant:

> shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was

11

imposed.

18 U.S.C. § 3585(b).  The United States Court of Appeals for the Third Circuit has

stated that:

> [i]n other words, a federal prisoner can receive credit for
> certain time spent in official detention before his sentence
> begins, as long as that time has not been credited against any
> other sentence.

Williams, 504 F. App'x at 107 (quoting 18 U.S.C. § 3585(b)).  Accordingly,

section 3585(b) "makes clear that prior custody credit cannot be double counted."

Id. (citing Wilson, 503 U.S. at 337).  "Thus, the BOP cannot award prior custody

credit if the prisoner has already received credit for that time toward another

sentence."  Turnquest, 2015 U.S. Dist. LEXIS 55244, at *10 (citing Vega, 493

F.3d at 314; Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996), aff'd,

100 F.3d 946 (3d Cir.)).

Petitioner asserts that the United States District Court for the Northern

District of Georgia's oral and written statements regarding Petitioner's "credit for

time in custody beginning August 15, 2007," establish that it intended to adjust his

federal sentence by crediting him for the time he was on a writ of habeas corpus ad

prosequendum between August 15, 2007, and October 29, 2008.  (Doc. 1, pp. 4-6).

As a result, he argues, the BOP miscalculated his sentence because it did not

follow the intent of the sentencing court by crediting him with the time he was on a writ of habeas corpus <u>ad prosequendum</u>.  (Doc. 1, pp. 4-6).  Thus, Petitioner seeks an order directing the BOP to adjust his sentence to account for the period of time between August 15, 2007, and October 29, 2008, as, he claims, was intended by the sentencing court.  (<u>Id.</u>).

Respondents present two (2) grounds for rejection of the instant petition. First, Respondent argues that the instant petition should be rejected because there was no mention of section 5G1.3(c) of the United States Sentencing Guidelines at Petitioner's sentencing or in the sentencing court's written judgment.  (Doc. 6, pp. 5-6).  Second, Respondent argues that even if the sentencing court implied an adjustment under section 5G1.3(c), it did not intend to grant such an adjustment. (<u>Id.</u> at pp. 6-8).  Rather, according to Respondent, the sentencing court, at most, merely recommended that Petitioner receive credit for time in custody if the BOP had the authority to make such an adjustment.  (<u>Id.</u>).

As stated above, Petitioner was "borrowed" by the United States Marshall Service from New Jersey authorities on a writ of <u>ad prosequendum</u> between August 15, 2007, to October 29, 2008.  (<u>Id.</u> at pp. 11, 14-21).  During this time, Petitioner was serving a New Jersey sentence, which had not yet expired.  (<u>Id.</u> at pp. 11-12, 14-21).  As such, the time at issue was credited toward his New Jersey

sentence.  Furthermore, there is no evidence in the record that New Jersey authorities relinquished its primary jurisdiction over Petitioner during this period of time.  (Doc. 6, pp. 11-12, 14-21).

Accordingly, based on the foregoing, the BOP correctly determined that, pursuant to 18 U.S.C. § 3585(b), Petitioner was not entitled to credit for the time he was on a writ of habeas corpus ad prosequendum from August 15, 2007, to October 29, 2008, because  primary jurisdiction did not pass to the United States during that period, and that time was credited to his New Jersey sentence.  See (Doc. 6, pp. 12, 16, 20, 30-31, 37-38).   Thus, the prior custody credit against Petitioner's federal sentence, as determined by the BOP, is entirely consistent with the BOP's discretion under section 3585(b).  See Vasquez-Alcazar v. Ebbert, Civil Action No. 3-09-CV-2233, at pp. 5-6 (M.D. Pa. Dec. 22, 2009) (Nealon, J.), aff'd, 373 F. App'x 146, 147 (3d Cir. 2010).

### E.    Downward Departure Pursuant to U.S.S.G. § 5G1.3(c)

Finally, to the extent that Petitioner is arguing that the federal sentencing court erred in imposing his federal sentence, specifically that it intended to grant a downward departure pursuant to section 5G1.3(c)[2] of the United States Sentencing

---

[2] In 2014, section 5G1.3(c) was "redesigned as subsection (d) by Amendment 787."  U.S. Sentencing Guidelines Manual supp. to app. C at 89 (2014); see Id. at 83-86.  However, section 5G1.3(c) was the relevant provision at

Guidelines as, he claims, is evidenced by the statements it made during its oral

pronouncement of sentence, but failed to do so, <u>see</u> (Doc. 1, pp. 1, 4-6); (Doc. 7,

pp. 3-4), such a claim is beyond the purview of this Court.  <u>See</u> <u>Smart v. Kirby</u>,

436 F. App'x 64, 65-66 (3d Cir. 2011); <u>Vasquez-Alcazar</u>, Civil Action No. 3-09-

CV-2233, at p. 6 n.1.  "Federal courts are courts of limited jurisdiction.  They

possess only that power authorized by Constitution and statute[.]"  <u>Cardona v.</u>

<u>Bledsoe</u>, 681 F.3d 533, 535 (3d Cir. 2012) (quoting <u>Kokkonen v. Guardian Life</u>

<u>Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)).  "Two federal statutes, 28 U.S.C. §§

2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal

inmates."  <u>Id.</u>  "The 'core' habeas corpus action is a prisoner challenging the

authority of the entity detaining him to do so, usually on the ground that his

predicate sentence or conviction is improper or invalid."  <u>McGee v. Martinez</u>, 627

F.3d 933, 935 (3d Cir. 2010).  "A challenge under the Sentencing Guidelines goes

to the validity of a sentence, rather than the execution of a sentence, and is thus

inappropriate for a § 2241 petition."  <u>Howard v. Longley</u>, 532 F. App'x 116, 118

(3d Cir. 2013) (citing <u>United States v. Eakman</u>, 378 F.3d 294, 297 (3d Cir. 2004)).

　　　As a result of the foregoing, to the extent that Petitioner attempts to argue

－－－－－－－－－

the time of Petitioner's federal sentencing on October 29, 2008.  <u>See</u> U.S.S.G. §
1B1.11(a).

that the federal sentencing court erred in imposing his federal sentence, such a claim must be raised in a motion filed under 28 U.S.C. § 2255 in the sentencing court.

## III.   CERTIFICATE OF APPEALABILITY

"Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement." Wright, 2015 U.S. Dist. LEXIS 119101, at *26 (citing United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641, 649 (2012); Kornegay v. Ebbert, 502 F. App'x 131, 133 (3d Cir. 2012)).  Consequently, the Court need not address this issue here.

## IV.   CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 1), will be denied.  A separate order will be issued.

DATE: December 10, 2015                    /s/ William J. Nealon
                                           **United States District Judge**